# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KELVIN GOODWIN,**

        **Plaintiff,**

    v.                                                     **Case No. 17-CV-1377**

**TEAMSTERS GENERAL LOCAL UNION NO 200, et al.,**
        **Defendants.**

---

**KELVIN GOODWIN,**

        **Plaintiff,**

    v.                                                     **Case No. 17-CV-1378**

**U.S. FOODS, INC., et al.,**
        **Defendants.**

---

# DECISION AND ORDER

## INTRODUCTION

Kelvin Goodwin, proceeding pro se, filed two complaints on October 11, 2017, relating to the termination of his employment by U.S. Foods, Inc. The first action, 17-CV-1377, named Teamsters General Local Union 200 ("the Union") as the defendant. The second, 17-CV-1378, named U.S. Foods as the defendant.

On December 8, 2017, Goodwin filed identical amended complaints in both actions. Each amended complaint named both the Union and U.S. Foods as defendants. Both amended complaints also added Richard Meldman, Nicole Griesbach, Thomas Perszyk, and Aaron Kraemer (all employees of U.S. Foods) and Jeff Bandur (a Union official) as defendants.

Three days later, Goodwin again amended his complaints. The second amended complaint in 17-CV-1377 named only the Union in the caption as a defendant. But in the body of that second amended complaint, under the heading "Parties," Goodwin named as defendants the same individuals and entities named in his first amended complaints.

As for the second amended complaint in 17-CV-1378, Goodwin named U.S. Foods, Meldman, Griesbach, Perszyk, and Kraemer as defendants. He also named Bandur of the Union as a defendant, although he omitted the Union itself as a defendant.

The court consolidated the actions for all pretrial proceedings. (ECF No. 17.)[1] However, these remain two distinct actions.

As the court understands Goodwin's allegations, his claim against the Union and Bandur (collectively, "the Union defendants") rests upon his belief that the Union representative, Bandur, did not properly represent him with respect to U.S. Foods' termination of his employment. This claim is distinct from the claims he asserts against

---

[1] All citations to court documents reflect the docket in 17-CV-1377.

2

U.S. Foods and its employees (collectively, the "the U.S. Foods defendants"). As a result, joinder of these claims in one lawsuit is not proper under Rule 20(a)(2). Accordingly, to the extent that Goodwin actually intended to pursue claims against both the Union defendants and the U.S. Foods defendants in a single action, in accord with Rule 21 the court drops the U.S. Foods defendants from the second amended complaint in 17-CV-1377 and drops the Union defendants from the second amended complaint in 17-CV-1378. Bandur is a defendant only in case number 17-CV-1377.

On January 15, 2018, the U.S. Foods defendants filed a motion to dismiss the second amended complaint as to each of them. (ECF No. 19.)

**FACTUAL ALLEGATIONS**

According to details contained in his second amended complaint and documents appended to that complaint,[2] Goodwin began working for U.S. Foods as a delivery driver in May 2014. (ECF No. 15 at 5.) In November 2014 U.S. Foods received a complaint from one of its hotel customers that alleged that one of its delivery drivers made several of the female employees of the hotel uncomfortable by "staring and leering at them, making suggestive and inappropriate comments (such as asking their ages and telling them they're pretty), and making animal noises." (ECF No. 15-1 at 1.) U.S. Foods concluded that Goodwin was the driver and advised him as to proper

---

[2] *See* Fed. R. Civ. P. 10 ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

3

professional behavior. (ECF No. 15-1 at 16.) Goodwin denied engaging in the complained-of conduct.

In July 2015 a female customer complained about a U.S. Foods delivery driver talking to her in a suggestive tone of voice, inquiring if she was married, and asking how her husband treated her. (ECF No. 15-1 at 14.) Greisbach, U.S. Foods' human resources manager, and Persyk, U.S. Foods' transportation manager, identified Goodwin as the driver and met with him to get his side of the story. Griesbach found it very difficult for Goodwin to provide his story and concluded that his answers were evasive. (ECF No. 15-1 at 16.)

Although Goodwin provided the court with an email indicating that he was terminated from his employment with U.S. Foods in July 2015, other allegations in his second amended complaint indicate that he apparently resumed working for U.S. Foods. (ECF No. 15-1 at 16; *see also* ECF No. 15, ¶ 1 ("Plaintiff was fired on July 8, 2015 and again in October 2015 ….")). In August 2015 U.S. Foods received a complaint from a customer about certain errors. The customer complained to the driver, Goodwin, who in response referred to two of the customer's female managers as "bitches" and said they did not understand it was not his fault. (ECF No. 15-1 at 4.)

U.S. Foods terminated Goodwin's employment in October 2015. He asserts that the allegations of his misconduct were false and that the documents offered in support were fabricated. Goodwin alleges that various employees of U.S. Foods engaged in

4

"blatant moral depravity, criminal conspiracy, conspiracy to defraud, perjury, slander, and intent to deprive Kelvin Goodwin of his Civil Rights" as well as "gross stupidity" and "intentional unmerciful criminal acts of destroying a black man's opportunity to make a living," all as part of a "grand plan to kick poor African American Kelvin Goodwin to the curb." (ECF No. 15, ¶¶ 2, 3, 5.)

## MOTION TO DISMISS STANDARD

The defendants' motion is captioned as a motion to dismiss and they refer to Rule 12(b)(6) as the basis for relief. However, they support their motion with numerous documents outside the pleadings, including records of proceedings before the Wisconsin Department of Workforce Development (DWD). (ECF No. 20-1.) Ordinarily, when a motion to dismiss relies on matters outside the pleadings the court must treat the motion as one for summary judgment under Rule 56 and give all parties the opportunity to present all pertinent material. Fed. R. Civ. P. 12(d).

However, a court may consider, for limited purposes, records of a prior administrative or judicial proceeding under Federal Rule of Evidence 201(b)(2). *Woltring v. Specialized Loan Servicing, LLC*, No. 14-CV-222, 2014 U.S. Dist. LEXIS 81433, at *4 (E.D. Wis. June 16, 2014); *see also Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) (considering public records for the purpose of a motion to dismiss under Rule 12(b)(6)). Judicial notice in such situations extends to objective matters, such as when a proceeding was initiated or what was alleged in a pleading. *Woltring*, 2014 U.S. Dist. LEXIS 81433, at *4-

5

*5. However, it may not be appropriate under the guise of judicial notice to accept material facts as true simply because they were contained in those documents. *Id.* Moreover, a court may consider documents central to and referred to in the complaint. *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

The court finds that the documents appended to the defendants' motion to dismiss fit both of these exceptions to Rule 12(d). Goodwin refers to the DWD proceedings in his second amended complaint and relies on the defendants' alleged conduct in those proceedings as a basis for certain of his claims. Therefore, the court concludes that the defendants' motion is properly addressed under Rule 12(b)(6).

"To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bonnstetter v. City of Chi.*, 811 F.3d 969, 973 (7th Cir. 2016) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must provide the defendants with fair notice of the grounds upon which a claim rests. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the factual allegations in the complaint need not be detailed, mere speculation is insufficient. *Id.* Consequently, if a complaint offers only labels, conclusions, and "a formulaic recitation of the elements of a cause of action," dismissal under Rule 12(b)(6) is appropriate. *Id.* The court is obliged to give Goodwin's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

## ANALYSIS

In attempting to determine whether Goodwin has adequately stated a claim, the court must first attempt to determine the nature of his claims.

Goodwin captioned his second amended complaint, "SECOND AMENDED PETITION FOR CIVIL AND CRIMINAL CONSPIRACY, CONSPIRACY TO DEFARUD [sic], FRAUD, FORGERY, FILING FRAUDULENT DOCUMENTS IN FEDERAL COURT AND IN STATE GOVERNMENT AGENCIES, PERJURY, SLANDER AND LIBEL, WRONGFUL TERMINATION, TORTUOUS [sic] INTERFERENCE WITH ABILITY TO EARN A LIVING/GET GOOD JOB, INTENT TO DEPRIVE PLAINTIFF OF HIS RIGHT TO WORK, CIVIL RIGHTS VIOLATIONS AND OTHER UNDNOWN [sic] CRIMES AGAINST U.S. FOOD, INC., RICHARD MELDMAN, NICOLE GRIESBACH, THOMAS PERSZYK, JEFF BANDUR AND AARON KRAEMER." (ECF No. 15 at 1.) He opens his second amended complaint by asserting that he "will prove the Defendant's [sic] conspired with criminal intent to deprive Plaintiff of his job, his Constitutional Rights, Civil Rights, and his ability to earn a good living. Defendants intentionally committed Conspiracy, Conspiracy to Defraud, Fraud, Forgery, Perjury, Slander, Tortuous (sic) Interference with Credit, Libel and Discrimination." (ECF No. 15 at 1.) He continues, "Plaintiff anticipates discovery will reveal RICO Violations and Civil Rights and/or Race Violations." (ECF No. 15 at 1.)

With respect to the individual defendants, Goodwin asserts, "Thomas Perszyk is guilty of blatant moral depravity, criminal conspiracy, conspiracy to defraud, perjury, slander, and intent to deprive Kelvin Goodwin of his Civil Rights." (ECF No. 15, ¶ 2.) "Nicole Griesbach is guilty of criminal conspiracy, conspiracy to defraud, perjury, forgery, slander libel, and civil rights and discrimination violations, and gross stupidity." (ECF No. 15, ¶ 3.) "Richard Meldman and Nicole Griesbach are guilty of conspiracy, conspiracy to Defraud, Civil Rights Violations, Discrimination Fraud, Forgery, Perjury, submitting fraudulent documents to a government agency, slander, libel, intent to and violation of Civil and Criminal laws against Kelvin Goodwin." (ECF No. 15, ¶ 6.) "Additionally, Defendants have violated the Rights of Kelvin Goodwin, U.S. Foods, Inc. Rules, The Union Rule and continues by refusing to investigate the fake accusations." (ECF No. 15, ¶ 7.)

As recounted, Goodwin's second amended complaint contains a myriad of assertions that allude to conceivable causes of action. But as to the vast majority of these assertions Goodwin offers nothing more than labels and conclusions. Thus, notwithstanding the fact that many are not causes of action to begin with, Goodwin has failed to state a plausible claim against the U.S. Foods defendants for "fraud, forgery, filing fraudulent documents in federal court and in state government agencies, perjury, slander and libel, wrongful termination, tortuous [sic] interference with ability to earn a living/get good job, intent to deprive plaintiff of his right to work, … other undnown

[sic] crimes" (ECF No. 15 at 1), Tortuous [sic] Interference with Credit" (ECF No. 15 at 1), "RICO Violations" (ECF No. 15 at 1), blackmail (¶ 1), fraud (¶ 1), "blatant moral depravity" (¶ 2), perjury (¶¶ 2, 6), slander (¶¶ 2, 6), forgery (¶¶ 3, 6), "slander libel" (¶ 3), "gross stupidity" (¶ 3), "Discrimination Fraud" (¶ 6), "Submitt[ing] false documents to the court, breach of contract, … age discrimination, retaliation…, conspiracy, … harassment …, hostile work environment and constructive discharge." (ECF No. 15 at 5).

However, to the extent Goodwin asserts a claim for discrimination (and perhaps more broadly "civil rights violations"), it does not take much to state such a claim under Title VII. *See Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015). Goodwin identifies himself as African American (ECF No. 15, ¶ 3) and he seems to allege that those who were involved in the decision to terminate his employment were white, although the relevant sentence is not entirely clear (ECF No. 15 at 9 ("The only people who will vouch are the creators, the defendants, are the only ones who have knowledge of the false customer complaints all twenty-one (white people) in different departments within the company.").) Goodwin alleges that the reasons U.S. Foods gave for terminating him—numerous customer complaints—were pre-textual and fabricated by U.S. Foods managers. (ECF No. 15 at 8.)

The defendants' assertion that administrative preclusion bars Goodwin from pursuing this claim (ECF No. 20 at 9-11) is incorrect. *See Univ. of Tenn. v. Elliott*, 478 U.S.

788, 796 (1986) ("Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims."); *Boss v. Castro*, 816 F.3d 910, 915 (7th Cir. 2016). Therefore, it is a closer call as to whether Goodwin's second amended complaint states a claim against U.S. Foods for racial discrimination in violation of 42 U.S.C. § 2000e-2 (Goodwin would not have any plausible Title VII claim against individual U.S. Foods employees, *see Whitaker v. Milwaukee Cty.*, 772 F.3d 802, 811 (7th Cir. 2014)).

The problem is that, even though the defendants moved to dismiss the entire complaint, including any discrimination or other civil rights claim, on the ground that it failed to satisfy Rule 8(a) (ECF No. 20 at 8-9), Goodwin's response did not address a racial discrimination claim. Indeed, his response addresses only his claim that U.S. Foods employees conspired to fabricate customer complaints and then used those fabricated complaints as a basis for terminating him. He contends that this conspiracy violated 18 U.S.C. § 371. To the extent that Goodwin may have intended to present as separate claims the other causes of action alluded to in his second amended complaint, including a claim for racial discrimination, he forfeited those claims by not addressing them in response to the defendants' motion to dismiss. *Pumputyte v. United Airlines, Inc.*, No. 16 C 4868, 2017 WL 2243095, at *3 (N.D. Ill. May 23, 2017) (citing *Firestone Financial Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss."); *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party

waives an argument by failing to make it before the district court."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720-21 (7th Cir. 2011) (finding arguments forfeited "where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss")); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver.")

This forfeiture rule applies even to pro se litigants and even if the complaint might otherwise adequately state a claim under Rule 8(a)(2). *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) (citing *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (noting that, even though a complaint may comply with the simple notice pleading requirements of Rule 8(a)(2), it may nonetheless be dismissed under Rule 12(b)(6) if the plaintiff does not present legal arguments supporting the "substantive adequacy" or "legal merit" of that complaint).) "Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response." *Kirksey*, 168 F.3d at 1041. Therefore, it is unnecessary for the court to consider whether Goodwin's second amended complaint states a plausible race discrimination claim against U.S. Foods.

Turning to the merits of the single claim Goodwin addresses in response to the motion to dismiss, the court concludes that Goodwin does not have a plausible claim

under 18 U.S.C. § 371. As a criminal statute, violations may be prosecuted only by the United States. Moreover, the statute applies only to conspiracies to defraud the United States government. It has no applicability to an alleged conspiracy to defraud an individual person such as Goodwin.

Without a claim under federal law, Goodwin's complaint against the U.S. Foods defendants must be dismissed. Federal courts have limited jurisdiction, meaning they can hear only certain kinds of cases and only under certain circumstances. Goodwin alleges that the court has jurisdiction under 28 U.S.C. § 1331(ECF No. 15 at 7-9), which authorizes a federal court to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." In his response to the motion to dismiss, Goodwin does not address any claim arising under federal law other than his assertion that the U.S. Foods defendants violated 18 U.S.C. § 371.

To the extent that Goodwin's broad conspiracy allegations might conceivably add up to any claim for relief, such a claim would be cognizable, if at all, only under state law. But the court offers no opinion as to whether the facts alleged might plausibly constitute a legal cause of action that could be heard in state court. Without a federal jurisdictional hook, the court has no occasion to consider the matter further. And to the extent that the court might be able to exercise supplemental jurisdiction in the absence of a basis for primary jurisdiction, it declines to do so here. 28 U.S.C. § 1367(c).

**IT IS THEREFORE ORDERED** that the motion to dismiss filed by Nicole Griesbach, Aaron Kraemer, Richard Meldman, Thomas Perszyk, and U.S. Foods Inc. (ECF No. 19) is **granted**. Accordingly, case number 17-CV-1378 is **dismissed**. The Clerk shall enter judgment accordingly.

> This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).
>
> Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).
>
> A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 6th day of March, 2018.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge